## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MAINE

| | |
|---|---|
| In re:<br><br>Howard W. Fitch and<br>Davene J. Fitch,<br><br>                     Debtors | Chapter 13<br><br>Case No. 10-11945 |

## MEMORANDUM OF DECISION

Howard W. Fitch and Davene J. Fitch have asked the Court for an order determining that their mortgage loan obligations are current. Because Rule 3002.1 of the Federal Rules of Bankruptcy Procedure is applicable to the mortgagee's claim and because the Debtors have not followed the procedure set forth in that rule, their motion will be denied.

**I.  Background**

Howard and Davene Fitch (the "Debtors") commenced this chapter 13 case on December 29, 2010. At that time, and continuing thereafter, the Debtors' residence was located at 9 Tote Road, Manchester, Maine. That property is encumbered by a mortgage granted to Countrywide Bank, FSB in February 2009. The Debtors allege that, in March 2013, the mortgage was assigned to Bank of America, N.A. ("BofA").

BofA filed a proof of claim in October 2011. In that proof of claim, BofA asserts a secured claim in the amount of $156,336.19, with the Debtors' residence at Tote Road serving as collateral for the claim. BofA did not assert any pre-petition arrearages in its

proof of claim.  BofA filed a notice of mortgage payment change under Fed. R. Bankr. P. 3002.1 in December 2013, and then again in December 2014.

Simultaneously with the filing of their petition, the Debtors proposed a chapter 13 plan.  The plan provides for the Debtors to make current monthly mortgage payments to BAC Home Loans.[1]  The plan also provides that the claim "shall not be discharged pursuant to 11 U.S.C. § 1328 unless the debtor surrenders the property during the term of the plan or the Court grants relief from the automatic stay. . . ."  The plan indicates that there are no defaults on secured claims to be cured.  In March 2011, without objection, the Court issued an order confirming the plan.  The Debtors completed all payments under the confirmed plan and recently received a discharge under 11 U.S.C. § 1328(a).

The matter before the Court is the Debtors' Motion to Determine Status of Mortgage as Current [D.E. 40] (the "Motion to Determine").  The Motion to Determine does not allege facts from which the Court could conclude that the process set forth in Fed. R. Bankr. P. 3002.1 has been followed.  For example, there is no allegation that the chapter 13 trustee or the Debtors filed and served a notice under Fed. R. Bankr. P. 3002.1(f).[2]  In the Motion to Determine, the Debtors explain their failure to follow the process contained in Rule 3002.1 by contending that the rule "seemingly applies only where the debtor seeks a cure of pre-petition default on the note and mortgage for the debtor's residence. . . ."  Motion to Determine, at 1 n.1.

---

[1] BofA's proof of claim identifies the creditor as "Bank of America, N.A., successor by merger to BAC Home Loans Serving LP fka Countrywide Bank, FSB."  For current purposes, the Court will refer to BofA as the holder of the secured claim.

[2] The Rule 3002.1(f) notice is required to be sent by the trustee "[w]ithin 30 days after the debtor completes all payments under the plan[.]" Fed. R. Bankr. P. 3002.1(f).  If the trustee fails to file and serve the notice in a timely manner, the debtor may file and serve the notice.  Rule 3002.1(f) does not explicitly set a time for the debtor to file and serve the notice, although presumably the debtor should not do so before the trustee's 30-day window has expired.

Although no party objected to the Motion to Determine, the Court conducted a hearing on the motion on October 8, 2015. The Debtors and the chapter 13 trustee were given an opportunity to submit post-hearing briefs on a single legal question: whether Fed. R. Bankr. P. 3002.1 is applicable to BofA's claim in this case, where there was no pre-petition default to be cured and where the Debtors made payments on account of the secured claim directly to the holder of the claim. For reasons explained below, the answer is "Yes."

## II. Rule 3002.1

The analysis starts with the text of rule. Rule 3002.1(a) provides:

> (a) IN GENERAL. This rule applies in a chapter 13 case to claims that are (1) secured by a security interest in the debtor's principal residence, and (2) provided for under § 1322(b)(5) of the Code in the debtor's plan.

Fed. R. Bankr. P. 3002.1(a). This is a chapter 13 case and BofA's claim is secured by a security interest in the Debtors' principal residence. As a result, whether Rule 3002.1 is applicable to BofA's claim in this case hinges on whether the claim was "provided for under § 1322(b)(5) of the Code in the [Debtors'] plan." Fed. R. Bankr. P. 3002.1(a).[3]

Section 1322(b)(5) authorizes a plan to:

> provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due[.]

11 U.S.C. § 1322(b)(5). The plan may do this with respect to a claim secured only by a security interest in the debtor's principal residence notwithstanding the anti-modification provisions of section 1322(b)(2). See id. The Debtors' plan does not expressly provide

---

[3] The applicability of Rule 3002.1 to a particular claim does not hinge on whether the payments to the holder of the claim are made by the debtor or the chapter 13 trustee. See Fed. R. Bankr. P. 3002.1 Advisory Committee's Note (2011).

3

for BofA's claim under section 1322(b)(5). That said, it is clear that the Debtors proposed—and obtained confirmation of—a plan that relies on section 1322(b)(5) with respect to BofA's claim. In this case, section 1322(b)(5) is the only part of chapter 13 that would permit the Debtors to maintain payments on the long-term debt associated with BofA's secured claim. Further, the plan excepts BofA's claim from discharge under section 1328. While not dispositive, the plan's exception of the BofA debt from discharge reinforces the conclusion that BofA's claim was provided for under 1322(b)(5) in the Debtors' plan. *See* 11 U.S.C. § 1328(a)(1) (excepting from discharge any claim "provided for under section 1322(b)(5)[.]").

That alone would be sufficient to answer the question presented here. However, the structure of Rule 3002.1 also buttresses the Court's conclusion. Where it applies, Rule 3002.1 obligates the holder of a claim to take certain actions. Notably, the rule requires notice of payment changes, *see* Fed. R. Bankr. P. 3002.1(b), and notice of certain fees, expenses, and charges incurred post-petition. *See* Fed. R. Bankr. P. 3002.1(c). This is the type of information that any chapter 13 debtor would want, regardless of whether the mortgage loan was in default before or after the commencement of the case. Limiting the operation of the rule to circumstances involving a default to be cured would deprive some chapter 13 debtors of efficient access to important information regarding their mortgage loans.

There is no controlling authority on this question and case law from other jurisdictions is mixed. *Compare* In re Tollios, 491 B.R. 886, 887 (Bankr. N.D. Ill. 2013)(concluding that Rule 3002.1 "applies to all chapter 13 cases in which the debtor's plan provides for the maintenance of monthly mortgage payments on the debtor's

4

principal residence, regardless of whether the plan also provides for payment of pre-petition arrears owed to the mortgage creditor.") *with* In re Weigel, 485 B.R. 327, 328 (Bankr. E.D. Va. 2012)(concluding that Rule 3002.1 is not applicable "because there were no pre-petition arrearages to be cured[.]").  This Court is persuaded that Tollios represents the better approach, one that is consistent with both the language and the purpose of the rule.

The Court is aware that motions like this one have been filed—and granted—with some regularity in this District. The denial of the Motion to Determine should not be equated with a criticism of that historical practice, or of the Debtors' counsel for filing the motion.  Given the split of authority on the question of whether Rule 3002.1 applies in a case where there is no default to be cured, it is understandable that a debtor would want the comfort of a court order declaring that the mortgage loan is current.

### III.    Conclusion

A debtor who obtains confirmation of a chapter 13 plan and then completes the plan payments is to be commended.  That is no mean feat.  The Court understands that such a debtor is entitled to a fresh start (to the extent provided in the Bankruptcy Code) and that having a "clean slate" with the mortgage lender is an important part of that fresh start.  That said, the Federal Rules of Bankruptcy Procedure contain a process for getting that clean slate, either by the mortgagee's silence or by Court order if there is any dispute about the status of the mortgage loan obligations. Because that process was not followed here and because the Court is unwilling to grant declaratory relief in these circumstances,

5

the Motion to Determine will be denied.[4]  A separate order will enter.

Dated:  November 3, 2015                    _____
                                            Michael A. Fagone
                                            United States Bankruptcy Judge
                                            District of Maine

---

[4] The order accompanying this memorandum is without prejudice to the Debtors' right to file and serve a notice under Rule 3002.1(f).  If that happens and if, as may be expected given its failure to respond to the Motion to Determine, BofA fails to respond to the notice, the Debtors will have the assurance that they sought when the Motion to Determine was filed.